IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED
2007 DEC 12 A 9:38
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

DANIEL L. DuMONDE,         *
     Plaintiff,          *
                           *
VS.                        *
                           *
1. CAVERS, KATHY, Counselor    *
2. DREW, DARLENE, WARDEN FPC-  *   CASE No. 2:07CV1079-mht
   -Maxwell AFB, Montgomery, AL.; *
3. PIERCE, RICKY, Counselor    *
4. RABIDOU, ANITA, Case Manager *
5.                             *
6.                             *
7.     -DEFENDANTS.            *
_____/

## MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW THE PLAINTIFF-DANIEL L. DuMONDE, by and through himself, and pursuant to **Rule 65, Federal Rules of Civil Procedure** Motions in this Honorable Court for issuance of temporary restraining order to prevent immediate, irreperable and further Physical Injury, Mental Anguish, Emotional Distress-and legal Injury. Plaintiff makes this request for **TRO** as preliminary to suit under The American with Disablities Act, **42 U.S.C. §12101**, and Conspiracy Provisions of **42 U.S.C. §1985(3)**. A formal and fact specific complaint of the totality of other Egregious Issues shall follow. At this time, and for the purpose of Exigent TRO Issue(s) ONLY, and for which warrant immediate action to relief, Plaintiff would show as Follows:

(PAGE ONE)

## INTRODUCTION

Plaintiff asserts that Proofs Positive Exist that he is Unlawfully and Unconstitutionally confined, and so illegally confined in this Instituion, **F.P.C. Maxwell Air Force Base, Montgomery, ALabama,** since June, 2005, and was and remains a legally-declared medically disabled Person with L-4 & L--5 , permanent Spinal Disc (lower back)-Injury.

Plaintiff is a 55 Year Old who also has **severely Injured his Knee-while in Prison**, diagnosed as needing knee-surgery, and must walk with the assistance of a Walking Cane.

Plaintiff represented himself at Federal Trial, on Direct Appeal, has substantial grasp of Law, and has filed, and maintains **solely by himself**, FOUR seperate civil-suits in Federal Courts, with No Final Disposition, (No. 04-cv-3401--S, (ND AL), NO. 07-0715-JR,(D.C.); NO. 07-01830-JR,(D.C.); & CAse No. 07-601-C, DANIEL L. DuMONDE V. UNITED STATES, - (U.S. COURT OF FEDERAL CLAIMS).

## STATEMENT OF CASE-/-PRE-HISTORY

Since committed to this Prison Camp- F.P.C. Montgomery, Plaintiff has been met with **pattern of discrimination** from some Prison Staff, who apparently resent Plaintiff's Knowledge of Law, who regularly insists, when Staff do not abide by Prison Policy -or Law-, on his Constituional and other Rights in accordance with **Bureau of Prisons Policy,** which certain staff members grossly neglect, to the Denial of Due Process to Plaintiff, and other inmates.

(PAGE TWO)

## STATEMENT Of CASE

When Plaintiff insists on his Rights to indifferent Staff, and the above named Defendants, they have retaliated both directly and have employed Reprisals against Plaintiff-by **Proxy**. As Plaintiff follows all Prison Rules, the Defendants and their- Co-conspirators must Resort to <u>creating Problems for Plaintiff- where No Actual Problem Exists-</u> and/or making a very minor incident that would not normally subject an inmate to Disciplinary Action, into a **Major**-Incident by unreasonably - <u>extending the proportion of the minor incident</u>, by abuse of discretion, Policy and Authority.

<u>LEGAL INJURY</u> is the Primary Purpose of Defendants' Harrasment, and Staff and Warden have acted to <u>Impede and Impair</u> Plaintiff's -<u>Access to the Courts</u> and while having <u>Full Knowledge of Plaintiff's Disability and Medical Status</u>, have and continue to Ruthless tactics to cause Plaintiff <u>Physical, Emotional and Legal-Injuries</u>, by using **Animus** of Plaintiff's Physical **Disabilitie(s)**-to achieve detriment to his legal activities.

In a pattern of extensive abuse well documented over past Two and Half Years, the Defendants have and continue to deprive Plaintiff of substantial Rights for which shall be included in content of **Lawsuit** following this <u>Emergency Request for Instant- Relief</u>. The Purpose of the Instant Petition is to <u>Enjoin the- Defendants from UNDUE AND UNAUTHORIZED-(ILLEGAL)-HARRASSMENT</u>, where Their Conpiracy are immediately causing Plaintiff to be <u>**UNABLE TO PURCHASE NECESSARY LEGAL MATERIALS FROM COMMISSARY**</u>, i.e., "Typewriter Carbon Ribbons"; "Typewriter Correction Tapes; "Manilla Envelopes"; legal Pads and Postage, where without this-

(PAGE THREE)

--**intervention** by Restraining Order, Plaintiff will be <u>**precluded from preparing Legal Briefs**</u>-and <u>**Timely**</u> Answers to dispositive Motions on his <u>**FOUR**</u> Seperate and Pending Civil cases.

Example of the Intentional an Illegal Acts by Defendant, Plaintiff would show the following:

**TO WIT:**

**(1)** On <u>February 1, 2007</u>, I requested Defendant **Case Manager A. <u>RABIDOU</u>**, to Assist Plaintiff to his **"legal Locker"**, as Disabled Plaintiff had also **Severely Injured his Knee** to the Degree that <u>**Requires Surgery,**</u> and was, (and continues) to Walk with **Assistance of a <u>"Walking Cane"</u>**, and the Injury was such that Plaintiff could not Remove Legal Papers necessary to immediate Court Considerations, because, after numerous Requests to Staff for <u>**More than a Year**</u> Prior to that Date to Have his Legal Locker Made more accessable to Plaintiff's Handicap(s) by Stacking it on the Upper Row-(there are Two Rows, upper and lower), so that Plaintiff would not have to Endure Severe Pain by Bending Down with his (Lower Back and **Knee Injuries**), The Staff, including the Defendants have <u>**IGNORED THIS VALID REQUEST**</u> to Handicap -Access.

**(2)** On **<u>February 2, 2007</u>**, Case Manager **<u>A. RABIDOU</u>** did write- an **(illegal)**-Incident Report to unduly Punish Plaintiff-**For the very same Legal Materials that she assisted this inmate in removing from his Legal locker.** The Incident report states that inmate DuMonde had **"<u>UnAuthorized</u>"** Legal Materials on his Desk.     -<u>SEE</u> ATTACHED INCIDENT REPORT OF FEB.2.,-EXHIBIT-"<u>A</u>".

**(PAGE FOUR)**

<u>F A C T S</u>

**(3)** That Feb 2. Report contrives to punish an infraction not otherwise listed for punishment in Bureau of Prisons Policy, by using the "CFR" Code Section 330, Being- "UNTIDY-OR--UNSANITARY". However, a read of the "Incident" says Nothing of being "UNTIDY", or "UNSANITARY", but says **Plaintiff has "Unauthorized Legal Materials" on his desk,** and this "One Size Fit All" Approach is at once an unfair Denial of Due Process, where **(1)** The Few Legal Materials were in fact <u>neatly in File Folders</u>, therfore not "UNTIDY", and-**(2)** The legal materials were not tested for any dangerous bacteria and did not have any "Mold" growing on them, certainly could not be **"UNSANITARY"** **(3) THERE IS NO "AUTHORIZATION" REQUIRED BY BOP POLICY TO HAVE <u>LEGAL MATERIALS</u>, which the Report suggests** .

**(4)** IN FACT Policy, in accordance with the Constitutional Rights of inmates to access of the Courts, states in <u>PS 1315.07</u>, 28 CFR 513.11 [d. [(2) **"Staff may allow an inmate to possess those legal materials which are necessary for the inmates own legal actions".** <u>Id.</u> SEE EXHIBIT-"<u>B</u>",) -ATTACHED.

**(5)** IN FACT, Even an inmate in confined in Segregation or administrative detention <u>shall</u> **Have means of access to legal materials,** and a "reasonable" amount is defined in 28 CFR 513.11, Section [j., et.seq., as <u>"ONE CUBIC FOOT"</u>. That section additionally states that "greater amounts may be allowed when an inmate has an imminent Court deadline" and that <u>"The Regional Counsel" should be consulted before accumulation of legal materials is limited for housekeeping reasons"</u> (End Quote) -SEE ATTACHED, Policy Statement, EXHIBIT-"C".)

(PAGE FIVE)

# F A C T S

(6) AS RESULT OF THE FEB.2 Incident, Disabled Inmate/Plaintiff Received sanction of **SEVEN GOOD TIME DAYS** Taken away, or **"SEVEN DAYS IN PRISON"** simply for having an imminent Court deadline, which reqired Plaintiff to Respond, and **for simply "Having Legal Materials on his Desk".**

(7) Additional Punishment from this same incident has resulted in being **DENIED FIVE DAY FURLOUGH**, at a "team Meeting" conducted by A.RABIDOU, **who refused to allow Plaintiff a furlough that he would Normally be entitled , except for the Incident Report of FEB 2.** that RABIDOU HERSELF Assisted in the placement of the legal materials, wrote the (illegal) Incident Report, and then herself denied the Furlough on that Basis.

## INSTANT ISSUE

(8) Defendant KATHY CAVERS has decided to punish Plaintiff by **Proxy** of other Defendants Animus of his Disability and Legal Endeavors. First, it is well known to ALL Staff that Plaintiff, having **Complex and Extensive Legal Issues pending in the Courts,** is nearly always at the Education Building, and this fact is acknowledged by Defendant K. CAVERS, **as recurring theme in TWO SEPERATE AND CONSECUTIVE INCIDENT REPORTS,** Dated 12/05,2007, and 12/06/2007, Respectively.

(9) A new inmate, **Jerry VanDerCook,** took Empty UPPER -Bunk in in Plaintiff's living area-"Cube" where Bunk Beds,upper and lower" are present. Plaintiff, as Medically Disabled, has the **Lower** Bunk. However, New Inmate VanderCook, is a **65 Year old Heart Patient,** and was given the **"UPPER"** Bunk in Plaintiff's living area, in spite of his condition.

## FACTS: INSTANT ISSUE

(10.) In the Evening of **12/04/2007**, Inmate Vandercook, having previously nearly falling from the Upper Bunk due to **HIS Disability**, Placed his foot on end of Plaintiff's Bunk to prevent falling and potential serious Injury, and in doing so, dirtied Plaintiff's Blanket, which remains folded at the very end of Inmates Bunks-when not in use.

(11.) Recent Indifference to inmate problems in general at this Instituion include fact that where there are usually **SIX-Washing Machines**, there was at that time (and remain on this date) -ONLY **TWO WASHING MACHINES** -FOR USE BY **300 INMATES**. This circumstance, suffice to say, has created a near impossibility to wash when one desires. Plaintiff could not access any Washing Machine on short notice of Inspection Day of **12/05/2007** and could not Wash the Blanket soiled by Inmate Vandercook. The circumstance of insufficient washing machines is **Known to Staff**, and who fail to prioritize this Important Issue. Also, Plaintiff could not **Exchange** the Dirty Blanket on **Wednesday, this fact is also** Known to Staff, including Ms CAVERS.

(12.) DEFENDANT **CAVERS** Proceeded to (unfold) Plaintiff's Blanket where he had hid the **Dirty Portion** of the Blanket stepped on by Inmate Vandercook, and apparently in effort to find anything to punish Plaintiff with, **Proceeded to write Plaintiff an Incident report for "UNTIDY OR UNSANITARY"**, where in Normal circumstance an Inmate would first receive a Warning. Moreover, The Fact that there are Insuffcient Washing Machines was/is Known to **CAVERS**. An additional **Animus/resentment** is included in the text of the Incident Report by Cavers, which-shows as Cavers Notes that "Inmate DuMonde is on **MED CONVL** -

FACTS: INSTANT ISSUE

-or "Medical Convalescence" and "DOWN IN THE EDUCATION DEPT." "when he could have been Laudering his nasty linen" (End Quote) This inclusion shows that (1) **CAVERS KNOWS PLAINTIFF IS MEDICALLY DISABLED TO REQUIRE MEDICAL CONVALESCENCE**, (2) **KNOWS HE IS IN THE EDUCATION DEPT.** Working on his Pending Legal -Issues.   SEE ATTCHED EXHIBIT-"D", Incident Report 12/05/07)

(13.) PLAINTIFF has subsequently been Unreasonably Punished for the 12/05/2007 "Nasty Balnket" Incident, by having 30-DAYS "COMMISSARY" Taken Away, and consequently is not being allowed to Purchase **LEGAL MATERIALS, or anything else,** thus cannot prepare or file timely legal documents. This sanction for a circumstance that was **completely out of Inmate/Plaintiff's control or ability to otherwise correct,** and for which Staff, including **CAVERS** was aware of before writing incident Report and then Unduly Punishing Plaintiff. SEE ATTACHED, EXHIBIT-"E".

(14) ON 12/06/2007, Defendant KATHY CAVERS, wrote Plaintiff **ANOTHER** Iincident Report. Ms. Cavers is first, Not my Boss, or My Counselor. However, she takes it upon herself to force this Inmate /Plaintiff to **come into her Office between 7.30 and 8.00 O'clock-On the days she is on duty** in the Unit, and "Check Off", which means go into her Office an wave at her, she then Checks An Inmate's Name.

(15.) Cavers oversees a "clean up Crew" or in-House orderlys that clean Bathrooms, Etc., and she calls them in between **7.30, and 8.00. O'clock,** along with calling "Medically UNASSIGNED" Persons, as per her stated purpose of "Accountability". Howver, Plaintiff is **NOT** "Medically "UNASSIGNED", Nor an "Orderly"., Plaintiff is Assigned to an Outside Job Picking Up Trash, but

(PAGE EIGHT)

**FACTS: <u>INSTANT ISSUE</u>**

--for his additional Injury in Prison, over and above his pre-existing lower Back Disability, he would be Working at that Job, and remains, while on **Medical Convalescence, <u>ASSIGNED</u> to that Job.**

**(16.)** My own Couselor, Ricky Pierce, <u>**HAS NEVER REQUIRED ME TO "CHECK OFF"**</u> at any time with him, as has NO OTHER STAFF MEMBER EXCEPT **CAVERS**. As ALL STAff Members KNOW Where I am at at any given time **which is the <u>EDUCATION BUILDING FOR THE PURPOSE OF WORKING ON LEGAL BRIEFS,RESEARCH, ETC.</u>**, the premise that Ms. Cavers must have me "Check Off" with her, is apparently a form of **<u>HARRASMENT</u>**, and **CAVERS** Regularly tells Plaintiff, Knowing he is on Medical Convalescence, to "Get Out of Bed" and makes disparaging Remarks to Plaintiff concerning his **HEALTH**, such as "There Ain't Nothing Wrong with You", and "You get around just fine without that (Walking) Cane".

**(17.)** The 12/06/2007 Incident Report written by **CAVERS** States that at **9.10** Cavers became aware that Plaintiff had not "Checked-Off" with her". The fact is, to avoid problems with Ms. Cavers, this Plaintiff has been "checking Off" with her regularly, when she call Plaintiff's name for this purpose. However,on **12/06/2007** , <u>CAVERS WAS NOT IN HER OFFICE AND DID NOT SHOW UP FOR WORK THERE UNTIL ALMOST **9.00 A.M.**</u> Therfore, Cavers then proceeded to Maliciously give Plaintiff a Incident Report For--NOT SHOWING UP WHEN SHE WAS NOT EVEN THERE. ANd if fact Plaintiff attempted twice to "CHeck Off" prior to Nine O'Clock, to no avail of Ms. cavers Presense. Moreover, the purpose, as Ms. Cavers Claims, is **"Accountability"**. She (CAVERS) is fully aware that I Plaintiff was in the **<u>EDUCATION-</u>**

(PAGE NINE)

FACTS: <u>INSTANT ISSUE</u>

--BUILDING, WORKING ON LEGAL ISSUES, and "Education" is noted as the "Place of The Incident" in The report-(EXHIBIT-"D"). Thus, anu cite bu Defendant <u>CAVERS</u> that the Issue is "<u>Accountability</u>" is a False Justification for giving Plaintiff the Incident Report for "UNEXECUSED ABSENSE FROM WORK OR ANY -"ASSIGNMENT" -When this Inmate is not "assigned" to Any Work or detail supervised by Defendant Counselor CAVERS.

Moreover, as far as any staff, including <u>CAVERS</u> calling Plaintiff in the Education Building, ALL **Staff Know The Public Address Speakers are <u>Non-Functional</u>** in The education Law **Library, and Again** CAVERS KNEW EXACTLY WHERE PLAINTIFF WAS, Hence the Admission by Cavers herself that she "<u>Contacted the Education Dept</u>"-and Ms Carroll stated he was in the **(Law)Library.** The fact that Mrs. Carroll had to tell Plaintiff Ms. Cavers wanted him to check off shows Cavers knew Plaintiff was in the Library at that time. Plaintiff went staright away at Approx. 9.00 A.M. to Cavers to "check off", where again she Cavers was not even there between **7:30-8:00 A.M.** When Plaintiff showed up at **9.00 AM**, Cavers proceeded to maliciously write Plaintiff the Second Incident report in Two Consecutive-Days, for not being there at **7:30-8.00, which makes No Sense.** The Fcat here is -DEFENDANT CAVERS, Et.Al., ARE DISCRIMINATING AGAINST THIS DISABLED PLAINTIFF WHILE CAUSING HIM SERIOUS INJURY.

<u>ADMINISTRATIVE REMEDY</u>

Administrative Remedy in this Instance would be <u>Futile</u> and offer No <u>Immediate</u> , if any, Resolution to Plaintiff's continued <u>Harrassment</u>. Defendant RICKY PIERCE conveniently- "LOSES Plaintiff's Grievance Forms,

(PAGE TEN)

# F A C T S

and Himself culpable in Conspiracy to Deprive Plaintiff of Rights, where Plaintiff has complained to The **SouthEast Regional Office of B.O.P.**, when <u>**PIERCE Confiscated Legal Materials From Plaintiff's Desk**</u> on other occassion, locked sensitive legal briefs and document evidence away <u>without Notice</u>, and Plaintiff only learned who had taken the legal Briefs, <u>through information supplied by another inmate.</u> **SEE** <u>**"EXTRA-EXHIBIT"**</u>, Attached.

**Defendant Warden <u>D.DREW</u>**, Has Caused Plaintiff to forfeit a certorari deadline civil appeal in The **Supreme Court** in the past concerning <u>**$1,000,000** in Damages</u>, through Personal Decisions made outside **B.O.P. Policy**.  **DREW** has been consistently indifferent to serious needs and complaints of inmates/Plaintiff.

**PURPOSE OF ADMINISTRATIVE REMEDY** is to allow an Agency to correct it's own errors, before being haled into Court, and Plaintiff is pursuing such Remedy, even though from past experience, has never worked at this Institution, and such may be <u>**excused**</u> in Egregious Circumstances- **SEE** **McCarthy v. Madigan**, (1992) 503 US 140, 117 L Ed 2d 291, 112 S Ct 1081.

> "In determining whether exhaustion of of administrative remedies is required, federal courts must balance the interest of the individual in retaining prompt access to a federal forum against coutervailing instituional interests favoring exhaustion; application of this balancing test is intensely practical, because attention is directed to both the **nature of the claim** presented and the **characteristics** of the particular administrative claim invloved"
> **Id. Macarthy, 295, Headnote 7.**

IN A **SUMMARY**,

Plaintiff is suffering **Legal Injury** by continued aggravated unreasonable and malicious actions of the Defendants, who have Ruhtlessly discriminated against Medically Disabled Inmate/Plaintiff.

(PAGE ELEVEN)

## CONCLUSION AND RELIEF

Plaintiff continues to suffer by Emotional DIstress, which exacerbates his Physical Disabilities, and which is resulting in <u>further leagl injury</u>, by causing additional and unecessary pain related to stress associated with the defendants Ruthless, Indifferent and illegal actions.

<u>IN CONCLUSION</u>,

Immediate Relief is Required to prevent further Irreperable <u>Legal and Physical Harm,</u> Mental and Emotional Distress of Pro--Se and Medically Disabled Plaintiff, and T.R.O. Should issue to restrain Defendants from prohibiting Plaintiff from purchasing Legal Materials, cease and desist undue Harrasments.

The above sworn under penalty for Perjury,

18 USCS §1621, and 28 USCS §1746,

RESPECTFULLY SUBMITTED,

THIS _10_ DAY OF DECEMBER, 2007,

By-

/s/ *Daniel L. DuMonde*
DANIEL L. DuMONDE, PLAINTIFF, PRO-SE
#21609-001, MOBILE-B
F.P.C. MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

(PAGE TWELVE)

## PROOF OF SERVICE

That I, DANIEL L. DuMONDE, PLAINTIFF in the foregoing **Motion For Temporary Restraining Order,** do hereby certify, swear and affirm that I have caused true Copy of same to be placed in the Mail Box of this Institution,

-Correct U.S. Postage Affixed, and addressed to the Following Party(s):

DARLENE DREW, WARDEN
Federal Prison Camp,
MAXWELL AIR FORCE BASE
MONTGOMERY, ALABAMA, 36112

SOUTHEAST REGION ,B.O.P.
3800 CAMPCREEK PARKWAY, N.W.
Building 2000,
ATLANTA, GEORGIA, 30331-6226

SO SWORN BY TITLE 28 USC §1746,

AND DONE THIS _10_ DAY OF DECEMBER , 2007

By-

/s/ *[signature]*
DANIEL L. DuMONDE, PRO-SE
#21609-001, MOBILE-B
FPC MAXWELL AIR FORCE BASE
MONTGOMERY, AL., 36112

(PAGE 13.)

INCIDENT REPORT CDFRM  # 1562872

DEPARTMENT OF JUSTICE      FEDERAL BUREAU OF PRISONS

| 1. Name of Institution: | FPC MONTGOMERY | | |
|---|---|---|---|

### PART I - INCIDENT REPORT

| 2. Name of Inmate<br>DUMONDE, Daniel | 3. Register Number<br>21609-001 | 4. Date of Incident<br>02-02-2007 | 5. Time<br>12:30 pm |
|---|---|---|---|
| 6. Place of Incident<br>MOBILE UNIT | 7. Assignment<br>C08 CUST AM | 8. Unit<br>O02-005L | |
| 9. Incident: Being Unsanitary or Untidy | | 10. Code 330 | |

**11. Description of Incident** (Date: 02-02-07 and Time: 12:30 p m Staff became aware of incident)

ON 02-02-07 (02-27-2007) AT 12:30 PM, during Unit inspection, it was discovered that inmate Dumonde # 21609-001 had legal materials on his desk top that were not authorized to be there. These items are supposed to be secured in his legal locker. These items were not being used during the time of inspection and inmate Dumonde was not present during inspection.

| 12. Signature of Reporting Employee | Date and Time<br>02-02-2007 @ 3:30 pm | 13. Name and Title (printed)<br>A. RABIDOU, CASE MANAGER |
|---|---|---|
| 14. Incident Report Delivered to above inmate by:<br>Lt. D. Rosado / D Rosado | 15. Date Incident Report delivered<br>2/2/07 | 16. Time Incident Report Delivered<br>5:45 pm |

### PART II - COMMITTEE ACTION

**17. Comments of Inmate to Committee Regarding Above Incident**

"That if had been constructively amended" All the legal materials was out and he had right to the courts and we should follow cfr and not change cfr.

| 18. A. It is the finding of the Committee that you:<br>___ Committed the following prohibited act:<br><br>___ Did not commit a prohibited act. | B. ✗ The Committee is referring the charge(s) to the DHO for further hearing<br>C. ___ The Committee advised the inmate of its findings and of the right to file an appeal within 15 calendar days. |
|---|---|

**19. Committee Decision is based on the following information:**

The UDC base its decision on the written report of A. Rabidou, Case Manager. The UDC is referring the charges to the DHO for further hearing.

**20. Committee Action and/or recommendation if referred to DHO (contingent upon DHO finding inmate committed prohibited act)**

The UDC recommend. loss of Good Time, if found guilty, reason being that inmate Dumonde had received two incident reports in the last five months.

**21. Date and Time of Action** 2-7-7 - 2:15 (The UDC Chairman's signature next to his name certifies who sat on the UDC and that the completed report accurately reflects the UDC proceedings.)

_Pierce_     _M Stephn_
Chairman (typed name/signature)    Member (typed name)    Member (typed name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate after UDC Action; Copy - Inmate within 24 hours of Part I preparation
(This form may be replicated via WP)     Replaces BP-288(52) of Jan. 88

T.R.O. EXHIBIT-"A"

PS 1315.07
11/5/99
Page 10

[d. <u>An inmate's legal materials include but are not limited to the inmate's pleadings and documents</u> (such as a pre-sentence report) that have been filed in court or with another judicial or administrative body, drafts of pleadings to be submitted by the inmate to a court or with other judicial or administrative body which contain the inmate's name and/or case caption prominently displayed on the first page, documents pertaining to an inmate's administrative case, photocopies of legal reference materials, and legal reference materials which are not available in the institution main law library (or basic law library in a satellite camp).]

Staff must consult with Regional Counsel if there is any question whether certain items qualify as legal materials.

[(1)  An inmate may solicit or purchase legal materials from outside the institution.  The inmate may receive the legal materials in accordance with the provisions on incoming publications or correspondence (see 28 CFR part 540, subparts B and F) or through an authorized attorney visit from a retained attorney.  The legal materials are subject to inspection and may be read or copied unless they are received through an authorized attorney visit from a retained attorney or are properly sent as special mail (for example, mail from a court or from an attorney), in which case they may be inspected for contraband or for the purpose of verifying that the mail qualifies as special mail.]

28 CFR part 540, subparts B and F refer to the Program Statements on Correspondence and Incoming Publications respectively.

[(2)  <u>Staff may allow an inmate to possess those legal materials which are necessary for the inmate's own legal actions</u>. Staff may also allow an inmate to possess the legal materials of another inmate subject to the limitations of paragraph (f)(2) of this section.  The Warden may limit the amount of legal materials an inmate may accumulate for security or housekeeping reasons.]

To ensure that legal materials do not become a security or <u>housekeeping</u> hazard (e.g., fire, sanitation), each institution <u>may establish a limit on the amount of</u>, and storage location for legal materials <u>in the inmate's living area.</u>

T.R.O . EXHIBIT-"<u>B</u>"

hold the BP-CMS-21/24 form and charge the reimbursement against the inmate's account as soon as the inmate has funds (see the Trust Fund/Warehouse/Laundry Manual.)

[h. Unless clearly impractical, the Warden shall allow an inmate preparing legal documents to use a typewriter, or if the inmate cannot type, to have another inmate type his documents. The Warden may allow the inmate to hire a public stenographer to type documents outside the institution, but the institution may not assume the expense of hiring the public stenographer. Staff shall advise the inmate of any delay in the typing of which they have received notice from the stenographer.

i. The Warden shall give special time allowance for research and preparation of documents to an inmate who demonstrates a requirement to meet an imminent court deadline. Otherwise, each inmate shall continue his regular institutional activities without undue disruption by legal activities.]

Inmates who request time to do legal research and preparation for filing legal documents during their regularly scheduled work time may be required to do so first during all available leisure time. When such requests are made, staff may also authorize the inmate to work reduced hours. For example, an inmate may be allowed mornings to do legal research, work in the afternoons, and then use evenings for further research. The Regional Counsel may be consulted regarding such arrangements.

[j. With consideration of the needs of other inmates and the availability of staff and other resources, the Warden shall provide an inmate confined in disciplinary segregation or administrative detention a means of access to legal materials, along with an opportunity to prepare legal documents. The Warden shall allow an inmate in segregation or detention a reasonable amount of personal legal materials. In no case shall the amount of personal legal materials be such as to pose a fire, sanitation, security, or housekeeping hazard.]

A reasonable amount of personal legal material in segregation or detention is approximately one cubic foot. Greater amounts may be allowed when an inmate has an imminent court deadline. The Regional Counsel should be consulted before accumulation of legal materials is limited for housekeeping reasons.

T.R.O. EXHIBIT-"C"

1. Name Of Institution: **FPC MONTGOMERY**

## Part I - Incident Report

| 2. Name Of Inmate | 3. Register Number | 4. Date Of Incident | 5. Time |
|---|---|---|---|
| Dumonde, Daniel | 21609-001 | 12/05/07 | 9:40 AM |

| 6. Place Of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| 002-005L QRTS | MED CONVL | 002-005L |

9. BEING UNSANITARY OR UNTIDY

10. CODE   330

11. Description Of Incident (Date:12/05/07   Time:9:40AM   Staff become aware of incident)
On 12/05/07 at approximately 940AM, while conducting a sanitation inspection in Mobile Unit, I observed inmate Daniel Dumonde #21609-001 had a nasty blanket folded incorrectly on his bed. Inmate Dumonde had put forth no effort in laundering his blanket. Inmate Dumonde is on MED CONVL and down in the Education Dept., when he could have been laundering his nasty linen. I have conducted several town hall meetings in Mobile Unit concerning sanitation. Inmate Dumonde has been counseled before concerning his sanitation and there are posted standards on the inmate bulletin board in the Unit as well as in the Unit A&O handbook on sanitation. Inmate Dumonde has access to all this information.

| 12. Signature Of Reporting Employee | Date And Time 12/05/07 955am | 13. Name And Title (Printed) Kathy Caver, Counselor Mobile Unit |
|---|---|---|
| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident Report Delivered 12-5-07 | 16. time Incident Report Delivered 1810 |

## Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

18. A. It Is The Finding Of The Committee That You:
____ Committed The Following Prohibited Act.
____ Did Not Commit A Prohibited Act.

B. ____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. ____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

Chairman (Typed Name/signature)   Member (Typed Name)   Member (Typed Name)

Record Copy - Central File Record; Copy - DHO; Copy - Inmate After UDC Action; Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)                Replaces BP-288(52) Of Jan 88

T.R.O. EXHBIT-"D"

BP-S288.052 **INCIDENT REPORT** CDFRM
MAY 1994
U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

1. Name Of Institution:    FPC MONTGOMERY

## Part I - Incident Report

| 2. Name Of Inmate | 3. Register Number | 4. Date Of Incident | 5. Time |
|---|---|---|---|
| Dumonde, Daniel | 21609-001 | 12/06/07 | 9:10 AM |

| 6. Place Of Incident | 7. Assignment | 8. Unit |
|---|---|---|
| Education | MED CONVL | 002-005L |

9. Incident UNEXCUSED ABSENCE FROM WORK OR ANY ASSIGNMENT

10. CODE    310

11. Description Of Incident (Date:12/06/07  Time: 9:10AM   Staff become aware of incident)
On 12/06/07 inmate Dumonde, Daniel #21609-001 never reported to Mobile Unit office for accountability. Inmate Dumonde was paged three times by myself, and still did not report. I contacted the Education Dept., and Mrs Carroll stated he was in the library, and she would tell him to come and check off. Inmate Dumonde checked off with me at 9:10 AM, he was very rude and stated he would see me in court, he was going to sue me for violating his rights, that I knew where he was at. Inmate Dumonde is assigned to MED CONVL and the unit staff are responsible for his assignment. Inmate Dumonde has been instructed and told numerous times that he has to check off in the Mobile Unit office with a staff member between 7:30am and 8:00am when he is assigned to MED CONVL. Inmate Dumonde had no excuse.

| 12. Signature Of Reporting Employee | Date And Time 12/06/07 1000AM | 13. Name And Title (Printed) Kathy Caver, Counselor Mobile Unit |
|---|---|---|
| *Kathy Caver* | | |

| 14. Incident Report Delivered To Above Inmate By | 15. Date Incident | 16. time Incident |
|---|---|---|
| *Bell* | 12-6-07 | 1:10pm |

## Part II - Committee Action

17. Comments Of Inmate To Committee Regarding Above Incident

18. A. It Is The Finding Of The Committee That You:
____ Committed The Following Prohibited Act.
____ Did Not Commit A Prohibited Act.

B. ____ The Committee Is Referring The Charge(s) To The DHO For Further Hearing.
C. ____ The Committee Advised The Inmate Of Its Finding And Of The Right To File An Appeal Within 15 Calendar Days.

19. Committee Decision Is Based On The Following Information

20. Committee action and/or recommendation if referred to DHO (Contingent upon DHO finding inmate committed prohibited act)

21. Date And Time Of Action _____ (The UDC Chairman's Signature Next To His Name Certifies Who Sat On The UDC And That The Completed Report Accurately Reflects The UDC Proceedings.)

Chairman (Typed Name/signature)    Member (Typed Name)    Member (Typed Name)

Record Copy - Central File Record;  Copy - DHO;  Copy - Inmate After UDC Action;  Copy - Inmate Within 24 Hours Of Part I Preparation
(This Form May Be Replicated Via WP)      Replaces BP-288(52) Of Jan 88

T.R.O. EXHIBIT-"E"

C.C. INSPECTOR GENERAL / DEPT OF JUSTICE

U.S. Department of Justice      **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __DUMONDE, DANIEL L.__    __#21609-001__    __MOBILE-B__    __FPC MONTGOMERY,__
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL**

ON AUGUST 30, 2007, RICKY PIERCE, COUNSELOR, DID CONFISCA -SENSTIVE LEGAL INSRUMENTS FROM MY LIVING AREA/CUBE-IN MY ABSENSE, AND STORE THESE LEGAL BRIEFS AWAY-WITHOUT WARNING, -AUTHORITY, OR NOTICE.
 THESE LEGAL MATERIALS ARE SENSITIVE, AS THEY INVOLVE MULTI-MILLION DOLLAR -LAWSUITS AGAINST CERTAIN GOVERNMENT OFFICIALS, CONCERN BOTH CIVIL-AND CRIM -INAL ALLEGATIONS-AND WHERE MEMBERS OF THE CONGRESS OF THE UNITED STATES ARE PARTY. (R.I.C.O. CASE No. 07-0715-JR(D.C.); 07-601-C, U.S. CRT OF CLAIMS)
 I AM THE SOLE LEGAL REPRESENTATION IN THESE ACTIONS, AND AS PLAINTIFF- I AM THE PROSECUTOR- AND TO CONFISCATE THESE MATERIALS ARE ILLEGAL. I SUBMIT THAT OUTSIDE OF JUDICIAL ORDER UNDER SPECIAL CIRCUSTANCES-NO ONE HAS RIGHT TO DEPR ME OF THESE SENSITIVE LEGAL MATERIALS, AND COULD MAKE LIABILITY ATTACH TO MR. PIERCE-OR THE BUREAU OF PRISONS PERSONNEL-IF THIS AGAIN HAPPENS (THESE WERE
__AUGUST 31, 2007__ -RETURNED). I REQUEST YOU ADMONISH THE STAFF-REQUESTER PIERCE.
    DATE

**Part B—RESPONSE**



_____      _____
DATE      REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
    LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

-T.R.O. "EXTRA-EXHIBIT"