IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DANIEL L. DUMONDE, #21609-001 | * | |
| Plaintiff, | * | |
| v. | * | 2:07-CV-1079-MHT (WO) |
| KATHY CAVERS, *et al.*, | * | |
| Defendants. | * | |

_____

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On December 21, 2007, Plaintiff, a federal inmate incarcerated at the Federal Prison Camp located in Montgomery, Alabama, filed an application for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

## DISCUSSION

Court records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include: (1) *Dumonde v. Campbell, et al.,* Civil Action No. 3:00-CV-138-TJC (M.D. Tenn. 2000) (civil action failed to state a claim); (2) *Dumonde v. U.S. Marshals Office, et al.*, Civil Action No. 2:99-CV-2081-WMA (N.D. Ala. 2001) (civil action failed to state a claim); and (3) *Dumonde v. Jefferson Co. Cir. Court, et al.*, Civil Action No. 2:05-CV-721-SLB (N.D. Ala. 2006) (appeal frivolous).

In this case, Plaintiff complains that since his incarceration at the Maxwell Federal Prison Camp he "has been met with [a] pattern of discrimination from some Prison Staff who apparently resent [his] knowledge of law" and his insistence that prison staff follow prison policy or enforce the Constitutional rights of prisoners. As a result of these proclivities, Plaintiff contends that prison staff have subjected him to unreasonable disciplinary activity and denied him access to the courts and that they continue such "ruthless tactics" which has caused Plaintiff physical, emotional, and legal injuries "by using Animus of Plaintiff's Physical Disabilitie(s) - to achieve detriment to his legal activities."[2] Plaintiff maintains that he "continues to suffer [ ] emotional distress which exacerbates his physical disabilities and

---

[2]Plaintiff indicates that he suffers from a permanent lower back injury and that he severely injured his knee since arriving at FPC Maxwell in June 2005. (*Doc. No. 1 at 2.*)

which is resulting in <u>further legal injury</u>. . ." (*Doc. No. 1 at 3, 12*) (emphasis in original).

"General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Niebla v. Walton Correctional Inst.,* 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006) (citing *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). "The plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient." *Id*. (citing *Martin, supra,* and *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998) (internal quotations omitted).

The court has carefully reviewed the claims presented in the instant action. Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g) because his claims do not allege nor in any way indicate that he was " under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999). Although Plaintiff has alleged an ongoing medical condition that he concedes is already a permanent disability, neither this medical condition nor his injured knee is the type of serious injury that has been recognized by the courts as entitling him to avoid the bar of § 1915(g) and they certainly do not do so in this case. *See, e.g., Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Based on the foregoing, the court concludes that Plaintiff's motion for leave to

proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice wen it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on December 21, 2007 (*Doc. No. 4*) is DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **January 21, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, 8th this day of January 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE